IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Woody Partners et al.<br><br>               Plaintiff,<br><br>   v.<br><br>Matthew R. Maguire, Patrick Maguire, Boustead Securities, LLC, Melvin Pirchesky, Robert Campbell, Robert Lewis, and David Minnotte.<br><br>               Defendants. | Civil Action No.<br><br>Doc. No. ____<br><br>Removed from the Court of Common Pleas of Allegheny County, Pennsylvania, Docket No. GD-18-015969 |

## NOTICE OF REMOVAL

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452 and Fed. R. Bankr. P. 9027, Defendant David Minnotte ("Minnotte"), files this Notice of Removal for the purpose of removing the action docketed at No. GD-18-015969 in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Action") to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, Minnotte states the following:

**ONEJET, INC. BANKRUPTCY CASE**

1.    On October 17, 2018 (the "Petition Date"), certain initial petitioning creditors filed an involuntary petition (Bankruptcy Case No. 18-24070-GLT (the "Bankruptcy Case")) against OneJet, Inc. ("OneJet") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") seeking relief under chapter 7 of the Bankruptcy Code.

2.    The Bankruptcy Court entered an Order for Relief on November 13, 2018.

3. Also on November 13, 2018, the Bankruptcy Court appointed Rosemary C. Crawford, Esq. as the chapter 7 trustee (the "Chapter 7 Trustee").

## STATE COURT CASE AND BASIS FOR REMOVAL

4. On December 5, 2018, Woody Partners (the "Plaintiff") filed its complaint (the "Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania. In the Complaint, the Plaintiff alleges: (a) breach of fiduciary duty; (b) violations of the Pennsylvania Securities Act (70 P.S. §§ 1-201, 1-401, 1-501, and 1-503); (c) aiding and abetting; and (d) negligent misrepresentation. A copy of the docket and pleadings is attached hereto as **Exhibit A**. The Complaint alleges misrepresentations in the sale or offer for sale of securities or debt issued by, or for the benefit of, OneJet to the Plaintiff. The Complaint is brought against, *inter alia*, one or more professionals retained by OneJet.

5. Plaintiff served the Complaint on Minnotte on December 10, 2018.

6. This matter may be removed to this Court pursuant to 28 U.S.C. § 1452. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Because OneJet is in a proceeding under title 11, and this matter is related to the bankruptcy proceeding, this Court may transfer the matter to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a). The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

7. Removal of the Action to this Court is appropriate because the Action is pending in Allegheny County, Pennsylvania, a county within the geographic scope of the Western District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

## RELATIONSHIP TO THE BANKRUPTCY CASE

8. The allegations set forth in the Complaint are intertwined with matters that the Chapter 7 Trustee may investigate and causes of action that the Chapter 7 Trustee (and other

parties in interest, including the Plaintiff) may assert against OneJet in the Bankruptcy Case. Indeed, but for OneJet's Bankruptcy Case and the automatic stay, the Plaintiff surely would have included OneJet in the Complaint.

9. Section 1334(b) provides in relevant part that "district courts . . . have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11. 28 U.S.C. § 1334(b)" (emphasis added). The United States Court of Appeals for the Third Circuit has "established that a proceeding is 'related to' a Chapter 11 proceeding if the 'outcome of [the] proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.'" *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 293-94 (3d Cir. 2012) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984, *overruled in part by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 134-35 (1995)) (emphasis in original). "Certainty, or even likelihood [of effect on the estate being administered in bankruptcy,] is not a requirement." *Nuveen*, 692 F.3d at 294 (citations omitted). "An action thus generally is 'related to' a bankruptcy proceeding 'if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Id.* (citing *Pacor*, 743 F.2d at 994).

10. The district court, and therefore the bankruptcy court, has jurisdiction over the Action because: (a) the issues raised in the Action are closely connected with claims against OneJet and the Bankruptcy Case; (b) any potential recovery by the Plaintiff directly impacts its recovery in the Bankruptcy Case; (c) the allegations in the Complaint give rise to a claim by Minnotte against OneJet; (d) the Action presents potential for collateral estoppel or issue preclusion, whether arising in the Bankruptcy Case or in the Action, that could affect the Chapter

3

7 Trustee; and (e) the Bankruptcy Court may be asked to determine whether the Plaintiff's alleged investments in OneJet should be re-characterized as equity contributions.

11.     The outcome of the Action in the state court could conceivably impact the administration and handling of the Bankruptcy Case.  Accordingly, withdrawal to the district court and referral to the Bankruptcy Court is appropriate.

## OTHER ISSUES

12.     Minnotte is providing notice of the filing of this Notice of Removal to Plaintiff and the other Defendants in the Action.  Minnotte will also file the attached Notice of Filing of Removal with the Court of Common Pleas of Allegheny County, Pennsylvania, promptly following the filing of this Notice of Removal.  See **Exhibit B**.

WHEREFORE, notice is hereby given that the Action, as to Defendant Minnotte, is removed from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District court for the Western District of Pennsylvania.

Dated:  January 8, 2019

/s/ Eric A. Schaffer
Eric A. Schaffer (PA I.D. #30797)
Jeffrey G. Wilhelm (PA I.D. #201935)
Jared S. Roach (PA I.D. #307541)
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
Telephone:    (412) 288-3131
Facsimile:     (412) 288-3063

*Attorneys for David Minnotte*