## EXHIBIT A

(State Court Docket and Pleadings)

New Search    Sheriff History    Docket Report    Account Information

| GD-18-015969 | | Woody Partnters etal vs Maguire etal |
|---|---|---|

| | | | |
|---|---|---|---|
| Filing Date: | 12/05/2018 | Case Type: | Other Tort |
| Filing Time: | 03:44:13 | | |
| Related Cases: | | Court Type: | General Docket |
| | | | |
| Consolidated Cases: | | Current Status: | Sheriff Return |
| | | | |
| Judge: | No Judge | Jury Requested: | N |
| | | | |
| Amount In Dispute: | $0 | | |

Collapse All

| ➖ Parties | Count : 59 |
|---|---|

**--Litigants--**

Search    🔘  🔄  ▤  ▦▾

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Johnson | James | | Plaintiff | 285 Kappa Drive Pittsburgh PA 15238 | -- | Robert O. Lampl |
| Harding-Brown | Greg | | Plaintiff | 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Aloe Brothers LLC | | | Plaintiff | 5540 Dunmoyle Avenue Pittsburgh PA 15217 | -- | Robert O. Lampl |
| Woody Partners | | | Plaintiff | 132 Hartwood Drive Pittsburgh PA 15208 | -- | Robert O. Lampl |
| Lueth | Randy | | Plaintiff | 106 Nevin Drive McMurray PA 15317 | -- | Robert O. Lampl |
| Shilling | Jack | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Berglund | Richard | | Plaintiff | 444 Dorseyville Road Pittsburgh PA 15215 | -- | Robert O. Lampl |
| Speyer | Alexander | | Plaintiff | 571 Briar Cliff Road Pittsburgh PA 15221 | -- | Robert O. Lampl |
| Sheertex Fabrics LLC | | | Plaintiff | 6401 Penn Avenue Pittsburgh PA 15206 | -- | Robert O. Lampl |
| Pietrandrea | Robert | A. | Plaintiff | 2540 Longmount Drive Wexford PA 15090 | -- | Robert O. Lampl |
| Aloe | David | | Plaintiff | 200 Neville Road Pittsburgh PA 15225 | -- | Robert O. Lampl |
| Thomas | Derek | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Austin | Clement | R. | Plaintiff | 3700 Drexel Drive Erie PA 16506 | -- | Robert O. Lampl |
| Smith | Steven | | Plaintiff | 505 Washington Avenue Carnegie PA 15106 | -- | Robert O. Lampl |
| Rosen | Susan | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Matter | David | | Plaintiff | 201 McClean Place Pittsburgh PA 15217 | -- | Robert O. Lampl |
| Nahra M.D. | Mitchell | Elias | Plaintiff | 9500 Mentor Avenue Mentor OH 44060 | -- | Robert O. Lampl |
| Kronk | Keith | | Plaintiff | One North Shore Ctr., 12 Federal Street Pittsburgh PA 15212 | -- | Robert O. Lampl |
| Johnson | Matthew | | Plaintiff | 285 Kappa Drive Pittsburgh PA 15238 | -- | Robert O. Lampl |
| Sacco | James | V. | Plaintiff | 900 Art Rooney Avenue Pittsburgh PA 15212 | -- | Robert O. Lampl |
| Hunt | William | E. | Plaintiff | One Bigelow Square Pittsburgh PA 15219 | -- | Robert O. Lampl |
| George | John | A. | Plaintiff | 5835 Ellsworth Avenue Pittsburgh PA 15232 | -- | Robert O. Lampl |
| B5S LLC | | | Plaintiff | 900 Art Rooney Avenue Pittsburgh PA 15212 | -- | Robert O. Lampl |
| Auray Jr. | Robert | | Plaintiff | 610 Berkshire Drive Pittsburgh PA 15215 | -- | Robert O. Lampl |

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|-------|-------|----|------|---------|----------------------------|----------|
| Liken | James | | Plaintiff | 5 Deer Springs Lane Pittsburgh PA 15238 | -- | Robert O. Lampl |
| Blair Oak Investment L.P. | | | Plaintiff | 1121 Boyce Road Pittsburgh PA 15241 | -- | Robert O. Lampl |
| Folino | Anthony | | Plaintiff | 109 Dark Hollow Road Oakmont PA 15139 | -- | Robert O. Lampl |
| Denove | Robert | | Plaintiff | One PPG Place Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Einhorn | Steven | | Plaintiff | 8205 N. River Road Milwaukee WI 53217 | -- | Robert O. Lampl |
| Ortech Ltd. Inc. | | | Plaintiff | 32425 Aurora Road Salon OH 44139 | -- | Robert O. Lampl |
| Lewis | Michael | | Plaintiff | 275 Curry Hollow Road Pittsburgh PA 15236 | -- | Robert O. Lampl |
| Flighthawk LLC | | | Plaintiff | 209 Fourth Avenue Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Whitaker | Jerry | | Plaintiff | 24 Paw Paw Way Sunset SC 29685 | -- | Robert O. Lampl |
| Zenczak | Gregory | S. | Plaintiff | 1185 Fox Hill Drive Gates Mills OH 44040 | -- | Robert O. Lampl |
| Tesone | David | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Kern | Scott | | Plaintiff | 5362 Wolf Road Erie PA 16506 | -- | Robert O. Lampl |
| Hoeksema | Timothy | | Plaintiff | 100 East Wisconsin Avenue Milwaukee WI 53224 | -- | Robert O. Lampl |
| Zenczak | Stephen | J. | Plaintiff | 1185 Fox Hill Drive Gates Mills OH 44040 | -- | Robert O. Lampl |
| Kuester | Dennis | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| White | Michael | H. | Plaintiff | P.O. Box 245020 Milwaukee WI 53224 | -- | Robert O. Lampl |
| Vadas | Robert | Joseph | Plaintiff | c/o 223 Fourth Ave., 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Constantakis | Andrew | | Plaintiff | c/o 223 Fourth Avenue Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Paul | John | | Plaintiff | 4401 Penn Avenue Pittsburgh PA 15224 | -- | Robert O. Lampl |
| Nasgovitz | William | | Plaintiff | 4470 N. Lake Milwaukee WI 53211 | -- | Robert O. Lampl |
| Constantakis | Nicholas | P. | Plaintiff | 4660 Vitullo Drive Allison Park, PA 15101 | -- | Robert O. Lampl |
| Diehl | Corina | | Plaintiff | 258 Pittsburgh Road Butler PA 16001 | -- | Robert O. Lampl |
| Altomari | Kevin | | Plaintiff | 1071 Parkview Boulevard Pittsburgh PA 15217 | -- | Robert O. Lampl |
| Triad Investments Inc. | | | Plaintiff | 32425 Aurora Road Salon OH 44139 | -- | Robert O. Lampl |
| Davenport | Nancy | | Plaintiff | 707 Hickory Road Naples FL 34108 | -- | Robert O. Lampl |
| Joerres | Jeffrey | | Plaintiff | 875 E. Wisconsin Ave. Milwaukee WI 53202 | -- | Robert O. Lampl |
| Young-Vadas | Sue | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Campbell | Robert | | Defendant | 6 Venture, Suite 325 Irvine CA 92618 | -- | -- |
| Pirchesky | Melvin | | Defendant | 400 S. Highland Ave., Apt. 3 Pittsburgh PA 15206 | 01/02/2019 1026 | -- |
| Maguire | Matthew | R. | Defendant | 1909 Waterfront Place #512 Pittsburgh PA 15222 | -- | -- |
| Maguire | Patrick | | Defendant | 1465 Sandpiper Spit Richmond CA 94801-4100 | -- | -- |
| Minnotte | David | | Defendant | 1 Minnotte Square Pittsburgh PA 15220-5492 | 12/10/2018 1140 | -- |
| Boustead Securities LLC | | | Defendant | 6 Venture, Suite 325 Irvine CA 92618 | -- | -- |
| Lewis | Robert | J. | Defendant | 1344 Fifth Avenue Pittsburgh PA 15219 | 12/11/2018 1411 | -- |

Showing 1 to 58 of 58 rows   100 ▴   rows per page

## --Attorney--

Search   ⊕  ⟳  ▤  ⊞▾

| LName | FName | MI | Type | Address | Phone |
|-------|-------|----|------|---------|-------|
| Lampl | Robert | O. | Plaintiff's Attorney | 223 Fourth Avenue 4th Floor Pittsburgh PA 15222 | -- |



Showing 1 to 1 of 1 rows

### --Non Litigants--

| LName | FName | MI | Type | Address | Phone |
|-------|-------|-----|------|---------|-------|
| No matching records found | | | | | |

### ➖ Docket Entries    Count : 6

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|-------------|-------------|-------------|--------------|----------|
| 1/8/2019 | Writ Expired | Writ issued on 12/5/2018 expired as to Matthew R. Maguire | | No Image |
| 1/2/2019 | Sheriff Return | Melvin Pirchesky was served with Complaint on 01/02/2019 by Served - Defendant(s) Personally Served. | Woody Partners | Sheriff Return |
| 12/24/2018 | Acceptance of Service | of Complaint | Woody Partners | 📄 Document 4 |
| 12/11/2018 | Sheriff Return | ROBERT LEWIS was served with Complaint on 12/11/2018 by Served - Defendant(s) Personally Served. | Woody Partners | Sheriff Return |
| 12/10/2018 | Sheriff Return | david minnotte was served with Complaint on 12/10/2018 by Served - Adult Agent or person in charge of Defendant(s) office or usual place of business. Lisa | Woody Partners | Sheriff Return |
| 12/5/2018 | Complaint | | Woody Partners | 📄 Document 1 |

Showing 1 to 6 of 6 rows

### ➖ Event Schedule    Count : 0

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|-----------------|-------------------|-------------|-----------------------|
| No matching records found | | | |

### ➖ Services

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|------|------|-----------------|---------------|-----------|--------------|--------------|--------|
| Complaint | David Minnotte | 1 Minnotte Square Pittsburgh, PA 15220 Pittsburgh | david minnotte | SGREEN | 12/10/2018 12:00:00 AM | 1140 | Served - Adult Agent or person in charge of Defendant(s) office or usual place of business |
| Complaint | Melvin Pirchesky | 400 South Highland Avenue Apt. 3 Pittsburgh, PA 15206 Pittsburgh | Melvin Pirchesky | T103441 | 1/2/2019 12:00:00 AM | 1026 | Served - Defendant(s) Personally Served |
| Complaint | Robert J. Lewis | 1344 Fifth Avenue Pittsburgh, PA 15219 Pittsburgh | ROBERT LEWIS | NHALL | 12/11/2018 12:00:00 AM | 1411 | Served - Defendant(s) Personally Served |

Showing 1 to 3 of 3 rows

Collapse All

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| **WOODY PARTNERS et al,** | **Case No. GD-18-** |
| **Plaintiffs,** | |
| **v.** | |
| | **COMPLAINT IN CIVIL ACTION** |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | **Filed on Behalf of the Plaintiffs** |
| **Defendants.** | |

Counsel of Record for this Party:

**ROBERT O LAMPL**
**PA I.D. #19809**

**JAMES R. COONEY**
**PA I.D. #32706**

**DAVID L. FUCHS**
**PA I.D. #205694**

**RYAN J. COONEY**
**PA I.D. #319213**

**SY O. LAMPL**
**PA I.D. #324741**

**Benedum Trees Building**
**223 Fourth Avenue**
**Fourth Floor**
**Pittsburgh, PA  15222**
**(412) 392-0330 (phone)**
**(412) 392-0335 (facsimile)**
**Email: rlampl@lampllaw.com**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **WOODY PARTNERS et al,** | **CIVIL DIVISION** |
| **Plaintiffs,** | |
| **v.** | **Case No.** |
| **MATTHEW R.  MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | |
| **Defendants.** | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone:  (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| **WOODY PARTNERS et al,** | **CIVIL DIVISION** |
| **Plaintiffs,** | |
| **v.** | **Case No.** |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | |
| **Defendants.** | |

<u>**COMPLAINT IN CIVIL ACTION**</u>

**AND NOW**, the Plaintiffs, by their attorneys, Robert O Lampl, James R. Cooney, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl, file the within Complaint in Civil Action:

**The Parties:**

1.      The Plaintiffs purchased stock and/or notes of OneJet, Inc. (OneJet), as is more fully set forth in the List of Plaintiffs which is attached hereto as Exhibit "A," and incorporated by reference herein.

2.      The Defendant, Matthew R. Maguire, is an adult individual with an address of 1909 Waterfront Place #512, Pittsburgh, Pennsylvania 15222.

3.      The Defendant, Patrick Maguire, is an adult individual with an address of 1465 Sandpiper Spit, Richmond, California 94801-4100. Patrick Maguire is the father of Matthew Maguire.

4.      The Defendant, Boustead Securities, LLC (Boustead Securities), is a limited liability company organized and existing under the laws of the state of

California with a principal place of business at 6 Venture, Suite 325, Irvine, California 92618. Boustead Securities is a Broker-Dealer as defined by the Pennsylvania Securities Act of 1972, *70 P.S. 1-201 et seq. (*the Act).

5.      The Defendant, Melvin Pirchesky (Pirchesky), is an adult individual with an address of 400 South Highland Avenue, Apartment 3, Pittsburgh, Pennsylvania 15206. Pirchesky is an Agent of Boustead Securities as defined by the Act.

6.      The Defendant, Robert Campbell (Campbell), is an adult individual with offices at 6 Venture, Suite 325, Irvine, California 92618.  Campbell is an Agent of Boustead Securities as defined by the Act.

7.      The Defendant, Robert Lewis (Lewis), is an adult individual with offices at 1344 Fifth Avenue, Pittsburgh, PA 15219.  Lewis is Vice Chairman of the Allegheny County Airport Authority. In addition, Lewis is a shareholder of OneJet and is (or was) on the Board of Directors of OneJet.

8.      The Defendant, David Minnotte (Minnotte), is an adult individual with offices at 1 Minnotte Square, Pittsburgh, PA 15220-5492. Minnotte is the Chairman of the Allegheny County Airport Authority. In addition, Minnotte is a shareholder of OneJet.

**Jurisdiction and Venue:**

9.      The courts of Pennsylvania have jurisdiction over this action based upon the fact that all of the Defendants have systematically and continuously conducted business within the Commonwealth of Pennsylvania. In addition, jurisdiction over Boustead Securities and its agents, Pirchesky and Campbell, is

based upon consent, in that Boustead Securities has registered to do business in the Commonwealth of Pennsylvania. See, *Webb-Benjamin, LLC v. International Rug Group, LLC,* 2018 Pa.Super. 187, 2018 Pa.Super. LEXIS 742 (2018); *Murray v. American Lafrance, LLC,* 2018 Pa. Super. 267, 2018 Pa. Super. LEXIS 1064 (2018).

10.     Venue of this action is appropriate in Allegheny County since the cause of action arose in Allegheny County and the vast majority of the Defendants' actions giving rise to the Plaintiffs' claims occurred in Allegheny County. See, *Pa.R.Civ.P. 1006; Pa.R.Civ.P. 2179; 84 Lumber Company, L.P. v. Fish Hatchery, L.P.* 2007 Pa.Super. 296, 934 A.2d 116 (2007); *Deyarmin v. CONRAIL,* 2007 Pa.Super. 218, 931 A.2d 1 (2007).

**OneJet:**

11.     OneJet is a California corporation which was formed by Matthew and Patrick Maguire in 2007.  The company was originally known as PRIMAIR, Inc. and Patrick Maguire was listed as the registered corporate agent. In 2014, the Maguires changed the company name to OneJet, Inc.

12.     OneJet is a Pittsburgh-based airline transportation business which touted itself as specializing in convenient and affordable nonstop air service in regional air markets.

13.     OneJet's business plan was intended to take advantage of the elimination of nonstop services between many mid-sized cities caused by the consolidation of major airlines.

**Start of flight operations:**

14.     OneJet began its flight operations on April 6, 2015, with flights between Indianapolis and Milwaukee.

15.     At or about the same time, OneJet secured ticketing and operations space at Pittsburgh International Airport.

16.     Starting on or about May 4, 2015, OneJet began service from Pittsburgh to Milwaukee and Pittsburgh to Indianapolis.

17.     As of August of 2017, OneJet was offering non-stop flights from Pittsburgh to Albany, Cincinnati, Hartford, Indianapolis, Louisville, Milwaukee, Nashville and Richmond.

**The Loan from the Commonwealth of Pennsylvania Department of Community and Economic Development:**

18.     In early 2016, Matthew and Patrick Maguire submitted an application to the Commonwealth of Pennsylvania Department of Community and Economic Development (DCED) for a low interest loan to be made to OneJet under the "Pennsylvania First Program."

19.     The Maguires' application was granted, and on May 12, 2016, OneJet entered into a Loan Agreement with the Pennsylvania DCED.

20.     Pursuant to the Loan Agreement, the Pennsylvania DCED loaned OneJet the sum of $500,000, for a 7 year term at the rate of three (3%) percent per annum.

21.     Under the Loan Agreement, OneJet agreed, among other things, that:

    A.     It would create 80 new, full time jobs at the Pittsburgh International Airport.

    B.     It would invest at least $1,500,000 in private matching funds.

    C.     It would operate at the Pittsburgh International Airport for a minimum period of seven (7) years.

22.    Patrick Maguire personally guaranteed repayment of the loan to the Pennsylvania DCED.

23.    The Defendants touted the fact that the Pennsylvania DCED had "approved" OneJet's operations, as a marketing tool to solicit investments in OneJet.

**The Grant from the Allegheny County Airport Authority:**

24.    On June 10, 2016, OneJet entered into an Airport Operations Agreement and Terminal Lease (the Lease) with the Allegheny County Airport Authority (the Airport Authority).

25.    The Lease was executed by Matthew Maguire, as the CEO of OneJet, and David Minnotte, as Chairman of the Airport Authority.

26.    On the same day, OneJet entered into an Economic Development Distribution Program Agreement with the Airport Authority.

27.    Pursuant to the Economic Development Distribution Program Agreement, OneJet received a grant from the Airport Authority in the amount of $1,000,000.

28.    The Plaintiffs believe and therefore aver that Defendants, David Minnotte and Robert Lewis, used their positions on the Board of the Airport

Authority to influence the Authority's use of grant money for the benefit of OneJet.

29.     Minnotte and Lewis touted the fact that the Airport Authority had "approved" OneJet's operations, as a marketing tool to solicit investments in OneJet.

**The Loan from the Allegheny County Regional Development Authority:**

30.     At or about the same time, OneJet also secured a low interest, economic development loan from the Allegheny County Regional Development Authority in the amount of $1,500,000.

31.     The Plaintiffs believe and therefor aver that Patrick Maguire and Robert Lewis guaranteed the repayment of the Allegheny County Regional Development Authority loan on behalf of OneJet.

32.     The Defendants touted the fact that the Allegheny County Regional Development Authority had "approved" OneJet's operations, as a marketing tool to solicit investments in OneJet.

**The Maguires solicited investors for OneJet:**

33.     Matthew Maguire and Patrick Maguire began soliciting investments in OneJet from the public in October of 2014.

34.     The Plaintiffs believe and therefor aver that the Maguires initially targeted potential investors in Milwaukee, Indianapolis and New York.

35.     In addition, the Maguires solicited investments from James Rohr, the CEO of PNC Bank, and other PNC officials.

36.     The Maguires represented that the "Maguire family" (Matthew, Patrick and others) had invested in excess of $9,000,000 of their own money in OneJet. However, the Plaintiffs believe and therefor aver that such representation was false, and that either the Maguire family never made such investment, or that the Maguire family was repaid the funds invested in OneJet, to the detriment of all investors and creditors.

37.     The Maguires have advised the Plaintiffs that the records, which would establish their investments in OneJet, have been "destroyed."

38.     The Maguires made several misstatements of material fact to the Plaintiffs.  Among other things:

A.     The Maguires misrepresented the operating costs of OneJet, including its leasing rates.

B.     The Maguires substantially misrepresented OneJet's "burn rate."

C.     The Maguires represented that it had a seasoned "advisory board" made up of former U.S. Department of Transportation officials, including Ray LaHood and John Porcari. In fact, the Maguires brought Mr. LaHood and Mr. Porcari to meetings with potential investors. The Maguires also represented that Jack Pelton, the former CEO of Cessna Aircraft Company, and Dr. Cynthia Barnhart, the head of transportation at MIT, were "part of the OneJet team."

D.     The Maguires represented that OneJet had an "outstanding management team" that included senior executives from major airlines and other travel-related companies. The Maguires represented that their management team had "deep experience in operations, distribution channels, revenue

optimization and aircraft financing."

E.    The Maguires represented that they had secured investments from several well-respected, local business leaders who could contribute to the ultimate success of OneJet, including James Rohr, Chairman of PNC Bank.

F.    The Maguires asserted that David Minnotte and Robert Lewis, who were both on the Board of the Allegheny County Airport Authority, had invested in OneJet and that they could secure favorable treatment of OneJet. With the Airport Authority.

G.    The Maguires sent inaccurate financial statements and projections to potential investors. In fact, the Plaintiffs have learned that the numbers contained in OneJet's financial statements were simply "made up."

H.    The Maguires represented that OneJet had accurate and complete financial and accounting records. However, the Plaintiffs later discovered that the accounting records were woefully inadequate and/or nonexistent, and that none of the expected financial safeguards were in place.

I.    The Maguires represented that OneJet had a talented and experienced Board of Directors, which included Timothy Hoeksema, the former Chairman of Midwest Airlines. In fact, Mr. Hoeksema was never on OneJet's Board. Similarly, the Maguires represented that Fred Reid, the former president of Delta Airlines, was joining OneJet's Board, and that Reid "has brought a lot of capital to the table…putting his money where his mouth is." This statement was also false. In fact, the Plaintiffs believe and therefore aver that OneJet never had any meetings of its Board of Directors.

J.      The Maguires represented that OneJet owned valuable intellectual property, including patents and trademarks. The Plaintiffs later discovered that these representations were false.

K.      The Maguires projected that OneJet would have a positive EBITDA for 2017 and 2018, and would own 42 aircraft by the end of 2018. These statements were false.

L.      The Plaintiffs believe and therefore aver that the Maguires paid themselves "finder's fees" for the securities that they sold. However, the Maguires failed to disclose such payments to the Plaintiffs.

39.     The Maguires continued to misrepresent the financial stability and projected profitability of OneJet through August of 2018, even though OneJet was already in serious financial trouble.

**The retention of Boustead Securities:**

40.     In March of 2017, the Maguires engaged Boustead Securities to assist them in securing investors and investment capital for OneJet.

41.     Boustead Securities is a registered broker-dealer with the Financial Industry Regulatory Authority (FINRA). Accordingly, Boustead Securities is subject to the Rules and Regulations of FINRA, which rules are intended to protect investors and to ensure that the sellers of securities operate in a fair and honest manner.

42.     The Maguires agreed to pay Boustead Securities a 10% Finder's Fee for all OneJet securities that it sold. The Finder's Fee for each sale was divided among Boustead Securities and its sales agents, Campbell and

Pirchesky.

43.    Following its retention by the Maguires, Boustead Securities designated Campbell and Pirchesky to solicit investments for OneJet.

44.    Campbell and Pirchesky solicited investors by means of phone calls and direct E-mails to several prospective investors in the Pittsburgh area.

45.    In addition, Campbell and Pirchesky conducted several meetings at the Duquesne Club and similar venues in the Pittsburgh area, in an effort to sell the securities of OneJet, which included both stock and notes, to the Pittsburgh market. At these meetings, Campbell and Pirchesky conducted slide show presentations which touted OneJet as a "solid investment opportunity."

46.    Boustead Securities, through its agents, Campbell and Pirchesky, repeated many of the material misstatements made by the Maguires in order to solicit investors for OneJet. Among other things, Campbell and Pirchesky represented that:

A.    OneJet had an "outstanding management team" that included senior executives from major airlines and other travel-related companies. OneJet's team allegedly had "deep experience in operations, distribution channels, revenue optimization and aircraft financing." These statements were false.

B.    OneJet had accurate and complete financial and accounting records. However, the Plaintiffs later discovered that the accounting records were woefully inadequate and/or nonexistent and that none of the expected financial safeguards were in place.

C.      OneJet had a talented and experienced Board of Directors. However, the Plaintiffs believe and therefore aver that OneJet never had any meetings of its Board of Directors.

D.      OneJet was "an attractive investment" because OneJet was "experiencing revenue growth," and by September of 2017, its operations were "in the black." The Plaintiffs later discovered that that these statements were false.

E.      OneJet's "revenue has been increasing and bottom line losses have been decreasing every month this year" (2017). These statements were false.

F.      OneJet had a "positive EBITDA" for every month after March of 2017. These statements were false.

G.      The Maguire family had invested more than $9 million dollars of their own money in OneJet. These statements were false.

H.      OneJet owned valuable intellectual property, including patents and trademarks. These representations were false.

47.     In addition, Boustead Securities sent E-mail solicitations and "executive summaries" to potential investors which:

A.      Falsely indicated that OneJet's operations were "profitable" during the third quarter of 2017.

B.      Falsely indicated that OneJet's "revenues were increasing at the rate of 5% to 10% per month."

C.      Asserted that the participation of well-known local investors, such

as "Jim Rohr, Bobby Lewis and Dave Minnotte," virtually guaranteed success in the Pittsburgh market.

D.      Falsely asserted that OneJet had "invested substantially (seven figures) in IT and operational systems."

E.      Claimed that OneJet "plans to eventually be operating 30 – 50 aircraft."

48.      The Plaintiffs believe and therefor aver that Boustead Securities, Campbell and Pirchesky failed to exercise reasonable diligence to verify the truth or falsity of the representations that they made regarding the financial viability of OneJet.

49.      Boustead Securities' registration with FINRA vested the representations of Campbell and Pirchesky with an air of authority and authenticity in the eyes of the Plaintiffs.

50.      In fact, in an E-mail to potential investors, Pirchesky stated that his registration with FINRA virtually ensured the reliability of his statements. As stated by Pirchesky:

> As I mentioned, since I am a registered representative of a broker-dealer, all of the financings I lead must meet the documentation requirements of the Financial Industry Regulatory Authority (FINRA; formerly the NASD). And, following discovery of the Bernie Madoff scheme and implementation of the requirements of the Patriot Act, FINRA has become extremely demanding in terms of documenting information on each entity and their underlying investors when a broker-dealer is involved.

51.      The Plaintiffs have since discovered that the representations of Boustead Securities, Campbell and Pirchesky regarding the viability of OneJet

were false.

52.     Moreover, in an E-mail to OneJet investors dated July 23, 2018,

Pirchesky advised that:

> … we were told that Matt McDaniel presented an
> an analysis of financial matters that left the Board
> members extremely concerned that OneJet's
> recent financial statements and related information
> that have been previously presented to them (and
> presumably, to Boustead, you and us) are
> materially inaccurate.

**The "Naples Club":**

53.     As part of their scheme to solicit investors, the Maguires

established the "Naples Club" (also known as the "Naples Program").

54.     Under the Naples Program, any investors who purchased a

minimum of $150,000 in OneJet Notes could avail themselves of private,

chartered flights to Naples, Florida. The Maguires assured the Plaintiffs that the

funds raised for the Naples Program would be kept separate and apart from

OneJet's operating funds. This statement was false.

55.     Significantly, Jan Rea, who was a member of the Board of the

County Airport Authority, purchased OneJet Notes to become a part of the

Naples Club.

56.     Several of the Plaintiffs (and other investors) purchased OneJet

Notes to become a part of the Naples Club.

57.     However, despite the representation of the Maguires, members of

the Naples Club were often unable to get the flights that they were promised

when they invested in the Notes.

**Defendants failed to register OneJet's securities:**

58.    Under Section 1-201 of the Pennsylvania Securities Act, *70 P.S. 1-201,* the Maguires were required to register the securities of OneJet with the Pennsylvania Department of Banking and Securities, unless the securities were exempt under regulations of the Securities and Exchange Commission (the SEC).

59.    On March 17, 2017, Matthew Maguire filed a Form D "Notice of Exempt Offering of Securities" with the SEC. In the Form D Notice, Maguire erroneously asserted that the OneJet securities were exempt from registration under Rule 506 (b) of the SEC regulations.

60.     The Plaintiffs believe and therefor aver that the OneJet securities which were sold to the Plaintiffs were not exempt under Rule 506 (b) or any other regulation of the SEC. Among other things:

A.    The Defendants engaged in substantial sales of the OneJet securities prior to the filing of the Form D Notice on March 17, 2017.

B.    The Form D Notice itself was misleading and inaccurate since it falsely asserted that no commissions or finder's fees were paid in connection with the sale of the OneJet securities.

**OneJet announces plan to acquire Ultimate JetCharters:**

61.    On May 1, 2018, OneJet announced plans to acquire Ultimate JetCharters, LLC (Ultimate), a small airline specializing in public charter flights, with headquarters in North Canton, Ohio.

62.    At or about the same time, OneJet entered into a charter contract

agreement with Ultimate, under which Ultimate agreed to fly some of OneJet's established routes for a monthly fee.

63.     Matthew Maguire advised the Plaintiffs (and other investors and potential investors) that OneJet planned to close on the purchase of Ultimate in early 2019, with $10 million dollars in "third party debt financing."

64.     On August 21, 2018, Rick Pawlak, the managing director of Ultimate, announced that the deal with OneJet was "dead." However, Maguire continued to misrepresent that OneJet would acquire Ultimate in the near future.

65.     In an E-mail to the Plaintiffs and other investors dated August 30, 2018, Matthew Maguire continued to solicit additional funds for the acquisition of Ultimate. As stated by Maguire:

> Ultimate today generates approximately $36M in annualized revenue, $4.4M EDITBA. The current negotiated price is $12.5M. For this, OneJet and its investors will wholly own UJC, including its FAA certificate, ten existing 30 seat planes, and all other operating infrastructure. We will plan to operate all services under the Ultimate brand moving forward.

Maguire's pitch for additional funds to acquire Ultimate failed to mention that Ultimate had already rejected OneJet's offer or that OneJet had already decided to cease all operations.

66.     In an E-mail to the Plaintiffs and other investors dated September 8, 2018, Matthew Maguire solicited the Plaintiffs to invest additional funds "to participate in the Ultimate acquisition investment." McGuire concealed the fact that OneJet's proposal to acquire Ultimate had been rejected several weeks earlier.

**OneJet defaults on its obligations to vendors:**

67.     By June of 2018, OneJet began to default on its obligations to vendors, suppliers and others.

68.     On or about June 28, 2018, AVI Sales & Leasing Services, LLC (AVI) repossessed one of the jets that it had leased to OneJet.

69.     The Defendants concealed AVI's action from the Plaintiffs and other prospective investors.

70.     In fact, the Defendants continued to offer the OneJet securities for sale to investors after the repossession of OneJet's aircraft by AVI.

**OneJet defaults on its obligations to the Airport Authority:**

71.     At or about the same time, OneJet began to cancel scheduled flights from Pittsburgh International Airport.

72.     OneJet also defaulted under its agreements with the Airport Authority.

73.     Among other things:

A.     OneJet failed to timely pay airline fees and charges as well as other obligations due to the Airport Authority.

B.     OneJet failed to establish air routes to at least 10 destinations as required by the Economic Development Distribution Program. In fact, as of August of 2018, OneJet was only providing 2 routes from the Airport.

74.     As a result of OneJet's breaches, on August 10, 2018, the Airport Authority filed a Complaint in Civil Action against OneJet in the Court of Common Pleas of Allegheny County at GD-18-010368.

75.     In its Complaint, the Airport Authority is seeking the return of all or part of the $1,000,000 grant extended to OneJet pursuant to the Economic Development Distribution Agreement.

**OneJet fails to pay its taxes:**

76.     Unknown to the Plaintiffs, OneJet also failed to pay the IRS taxes that were due, which failure began in the third quarter of 2015 and which continues to the present date.

77.     As a result, on August 14, 2018, the IRS filed a Notice of Federal Tax Lien with the Department of Court Records of Allegheny County at FTL-18-603.

**OneJet ceases operations:**

78.     In early August of 2018, OneJet sold two of its Hawker Jets to "cover immediate operating expenses."

79.     In late August of 2018, OneJet completely suspended its operations at Pittsburgh International Airport.

80.     In a press release posted on OneJet's website on August 29, 2018, OneJet announced that:

> OneJet will be transitioning its operations to a fully-owned 135 operating certificate over the next 8 weeks. During this transition, we will be suspending scheduled services on current routes. Please accept our apologies for any inconvenience caused by this disruption; the result of this transition will be a more robust and reliable operation for our customers from the fourth quarter forward.

81.     By his E-mail dated September 27, 2018, Matthew Maguire advised OneJet investors that:

19

> All resources have been exhausted to sustain any
> further efforts under OneJet and have been for the
> past several weeks. Subject to any changes in
> situation, OneJet as a corporate entity will be wound
> up. As of Friday, all contractor and other employment
> agreements have been terminated due to lack of funds.

82.     As a result, the OneJet securities purchased by the Plaintiffs are now totally worthless.

83.     At the same time, the Maguires were able to burn through in excess of $60 million dollars in investors' funds in less than 18 months, with little or no explanation of how the money was spent.

84.     By all accounts, Matthew Maguire paid himself excessively and improperly used OneJet funds to finance his lavish personal expenses.

**The Involuntary Chapter 7 Petition**

85.     On October 17, 2018, three of OneJet's creditors filed an Involuntary Chapter 7 Petition against OneJet in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 18-24070-GLT.

86.     The Involuntary Chapter 7 Petition against OneJet is pending before the Honorable Gregory L. Taddonio, Bankruptcy Judge.

87.     On November 13, 2018, Judge Taddonio found that OneJet had failed to timely respond to the Involuntary Chapter 7 Petition.  Based upon the same, Judge Taddonio granted the involuntary petition and issued an Order for Relief under Chapter 7 of the Bankruptcy Code.

88.     On November 13, 2018, Rosemary C. Crawford was appointed as the Interim Trustee for OneJet.

89.     On the same date, Judge Taddonio designated Matthew R.

Maguire as the "principal operating officer" of OneJet, and directed Matthew

Maguire to file Schedules and a Statement of Financial Affairs on behalf of

OneJet.

90.     On November 20, 2018, Ronald L. Hicks, Jr., Robert E. Dauer, Jr.,

Gary M. Sanderson and the law firm of Meyer, Unkovic & Scott, LLC entered

their appearances on behalf of Matthew R. Maguire and requested an extension

of time to file the Schedules and a Statement of Financial Affairs on behalf of

OneJet.

### COUNT 1: Plaintiffs v. Matthew Maguire and Patrick Maguire

#### *Breach of Fiduciary Duties:*

91.     The plaintiffs hereby incorporate the averments of Paragraphs 1

through 90 above by reference as if set forth in their entirety.

92.     Under the Pennsylvania Business Corporation Law, the Maguires,

as directors of OneJet, clearly had fiduciary duties to both the shareholders and

the note holders of the Company.

93.     Thus, *15 Pa.C.S. 1712* provides in relevant part that:

> A director of a domestic corporation shall stand in a fiduciary
> relation to the corporation and shall perform his duties as a
> director, including his duties as a member of any committee
> of the board on which he may serve, in good faith, in a manner
> he reasonably believes to be in the best interest of the corporation
> and with such care, including reasonable inquiry, skill  and
> diligence, as a person of ordinary prudence would use under
> similar circumstances.

A similar provision is found in *15 Pa.C.S. 512.*

94.     The fiduciary duties of a corporate director include both the duty of

care  and  the  duty  of  loyalty.  Accordingly,  directors  must  act  in  the  common

interests of the company and its shareholders, and not for their own financial benefit. See, *Seaboard Industries, Inc. v. Monaco,* 442 Pa. 256, 276 A.2d 305 (1971):

> Directors and officers must devote themselves to the corporate affairs with a view to promote the common interests and not their own, and they cannot, either directly or indirectly, utilize their position to obtain any personal profit or advantage other than that enjoyed also by their fellow shareholders…. In short, there is demanded of the officer or director of a corporation that he furnish to it his undivided loyalty.

See also, *InfoSAGE, Inc. v. Mellon Ventures, L.P.,* 2006 Pa.Super. 68, 896 A.2d 616 (2006); *In re Church of St. James,* 2003 Phila. Ct. Com. Pl. LEXIS 91 (2003), *aff'd,* 833 A.2d 319, 2003 Pa. Commw. LEXIS 704 (2003); *Estate of Lemington v. Baldwin,* 777 F.3d 620 (3rd Cir. 2015); *Tyler v. O'Neill,* 994 F.Supp. 603 (E.D. Pa. 1998).

95.     In the present case, as is more fully set forth above, the Maguires clearly breached their fiduciary duties to both the shareholders and the note holders.

96.     As a result of such breaches, the Plaintiffs' investments in OneJet are now worthless.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of the limits of the Arbitration Division of this Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees and any other relief that is just and proper.

### COUNT 2: Plaintiffs v. Matthew Maguire and Patrick Maguire

### *Violation of Section 201 of the*
### *Pennsylvania Securities Act: 70 P.S. §1-201*

97.     The plaintiffs hereby incorporate the averments of Paragraphs 1 through 96 above by reference as if set forth in their entirety.

98.     Section 1-201 of the Pennsylvania Securities Act, *70 P.S. 1-201,* provides that:

> It is unlawful for any person to offer or sell any security in this State unless the security is registered under this act, the security or transaction is exempted under section 202 or 203 hereof or the security is a federally covered security.

99.     The shares of Class B stock and the notes of OneJet which were offered for sale by the Maguires are securities within the meaning and coverage of the Pennsylvania Securities Act (the Act). See, *70 P.S. 1-102 (t); Steller v. Pennsylvania Securities Commission,* 2005 Pa. Commw. LEXIS 312, 877 A.2d 518 (2005); *Gilliland v. Hergert,* 2007 U.S. Dist. LEXIS 84508 (W.D. Pa. 2007).

100.    Despite the same, the Maguires failed to register the securities as required by the Act.

101.    The Act provides a private right of action for violation of the registration requirements of Section 201. Thus, *70 P.S. 1-502* provides in relevant part that:

> Any person who violates section 201 or any material condition imposed under section 206 or 207 shall be liable to the person purchasing the security offered or sold in violation of section 201 from him who may sue either at law or in equity to recover the consideration paid for the security, together with interest at the legal

23

rate from the date of payment….

102.    A party who files a claim under Section 502 is not required to prove wrongful or bad intent on the part of the seller. Rather, proof of the sale of an unregistered security is all that is necessary. See, *Feninger v. Capital Accumulations Services, Inc.,* 2 Pa. D. & C. 4th 339, 1989 Pa. Dist. & Cnty. Dec. LEXIS 285 (Del. 1989);

> …we are mindful of the principle that the seller's state of mind is not germane to a finding that the act has been violated. The violation occurs when an unregistered security is sold. See 70 Pa. C.S. Section 1-201 (Purdon Supp. 1988).

See also, *Stas v. Pennsylvania Securities Commission,* 2006 Pa. Commw. LEXIS 564, 910 A.2d 125 (2006):

> The Act requires neither the intent nor knowledge of Petitioner that her conduct violated the Act. All it requires is that she was aware of what she was doing.

103.    Similarly, the plaintiffs need not prove a breach of contract in order to establish their claim for failure to register the securities under the Act. See, *Bricker v. Martin,* 313 B.R. 679 (W.D. Pa. 2004) (applying Pennsylvania law).

104.    In the present case, the Maguires participated in the sale of OneJet securities to the Plaintiffs, even though the securities were not registered as required by the Pennsylvania Act. Accordingly, the Maguires are liable to the Plaintiffs pursuant to Sections 201 and 502 of the Act.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of the limits of the Arbitration Division of this

Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees and any other relief that is just and proper.

### COUNT 3: Plaintiffs v. Matthew Maguire and Patrick Maguire

#### Violation of Sections 401 and 501 of the Pennsylvania Securities Act: 70 P.S. §1-401 and 501

105.    The plaintiffs hereby incorporate the averments of Paragraphs 1 through 104 above by reference as if set forth in their entirety.

106.    Section 1-401 of the Pennsylvania Securities Act, *70 P.S. 1-401,* provides that:

> It is unlawful for any person, in connection with the offer, sale or purchase of any security in this State, directly or indirectly:
>
> (a) To employ any device, scheme or artifice to defraud;
>
> (b) To make any untrue statement of a material fact or to omit or state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or
>
> (c) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

107.    Section 1-501 of the Act provides a private right of action for the violation of Section 1-401. Thus, *70 P.S. 1-501* provides in relevant part, that:

> Any person who . . . (ii) offers or sells a security in violation of sections 401, 403, 404 *or otherwise* by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made not misleading to the purchaser not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission, shall be liable to the person

purchasing the security from him. . . .

(emphasis added).

108.   In *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, LLC,* 19 Pa. D. & C. 5th 32 (Allegh. 2010), the Honorable R. Stanton Wettick, Jr. of the Court of Common Pleas of Allegheny County held that the phrase "or otherwise," was included to reach ***all sales*** of securities induced by a misrepresentation or omission:

> The statutory text of 1-501 expressly imposes liability on a person who 'otherwise' sells a security by means of a misleading statement or omission.

109.   As indicated by the express wording of the Act, a seller of securities can be held liable for both positive misstatements as well as the failure to disclose material facts. See, *Dalicandro v. Legalguard, Inc.,* 2004 U.S, Dist. LEXIS 2253 (E.D. Pa. 2004) (and cases cited therein). As stated by the Court:

> … the federal and Pennsylvania securities laws impose a duty on companies to *publicly disclose material information* regarding their financial well-being, or lack thereof….
>
> Pursuant to both Section 10 (b) of the federal law and Section 401 of the Pennsylvania law, information becomes "material" when there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.

See also, *Matrix Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 131 S. Ct. 1309, 179 L.Ed. 2d 398 (2011).

110.   The express purpose of Sections 401 and 501 of the Act is to

"prohibit false statements and omissions of material fact in connection with the sale of securities." *Wen v. Willis,* 117 F. Supp. 3d 673 (E.D. Pa. 2015).

111.    A plaintiff asserting a claim under Section 501 need not establish "scienter" on the part of the Defendant. This is because *70 P.S. 1-501 (a)* places an affirmative burden on the person who makes misleading statements to prove that he could not have known of their falsity through the exercise of reasonable care. See, *Kronenberg v. Katz,* 2004 Del. Ch. LEXIS 77, 872 A.2d 568 (2004) (applying Pennsylvania law). See also, *Brown v. Erie Compressor Co.,* 59 Erie County L.J. (1976).

112.    Similarly, a plaintiff asserting a claim under Section 501 need not establish "reliance" upon the misleading statements or conduct of the Defendant. *Kronenberg v. Katz, supra.* See also, *Gilliland v. Hergert,* 2008 U.S. Dist. LEXIS 51421 (W.D. Pa. 2008), in which the U.S. District Court held that:

> … the Court agrees with the analysis in *Kronenberg* that the Pennsylvania Supreme Court would also recognize a stand-alone § 1-501 claim. The statutory text of § 1-501 expressly imposes liability on a person who "otherwise" sells a security by means of a misleading statement or omission.
>
> In sum, the Court agrees with the analysis set forth in *Kronenberg* and predicts that the Pennsylvania Supreme Court would recognize a distinct, separate cause of action under § 1-501 that does not require Plaintiffs to prove scienter or reliance, and requires Plaintiffs to demonstrate some causal relationship between the misrepresentation and their purchase, but not loss causation.

113.    In the present case, the Maguires sold the securities of OneJet by means of both affirmative misrepresentations and omissions, as is more fully set forth above.  Accordingly, the Maguires are liable to the Plaintiffs pursuant to

Sections 401 and 501 of the Pennsylvania Securities Act.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of the limits of the Arbitration Division of this Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees and any other relief that is just and proper.

### COUNT 4: Plaintiffs v. Pirchesky, Campbell and Boustead Securities, LLC

### *Violation of Section 201 of the Pennsylvania Securities Act: 70 P.S. §1-201*

114. The plaintiffs hereby incorporate the averments of Paragraphs 1 through 113 above by reference as if set forth in their entirety.

115. As set forth above, the Pennsylvania Securities Act provides a private right of action for violation of the registration requirements of Section 201. Thus, *70 P.S. 1-502* provides in relevant part that:

> Any person who violates section 201 or any material condition imposed under section 206 or 207 shall be liable to the person purchasing the security offered or sold in violation of section 201 from him who may sue either at law or in equity to recover the consideration paid for the security, together with interest at the legal rate from the date of payment….

116. Pirchesky, Campbell and Boustead Securities all sold (and/or offered for sale) unregistered securities of OneJet in violation of the Pennsylvania Securities Act.

117. Accordingly, Pirchesky, Campbell and Boustead Securities are liable to the Plaintiffs pursuant to *70 P.S. 1-502*.

28

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of the limits of the Arbitration Division of this Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees and any other relief that is just and proper.

### COUNT 5: Plaintiffs v. Pirchesky, Campbell and Boustead Securities, LLC

#### Violation of Sections 401 and 501 of the Pennsylvania Securities Act: 70 P.S. §1-401 and 1-501

118.    The plaintiffs hereby incorporate the averments of Paragraphs 1 through 117 above by reference as if set forth in their entirety.

119.    As set forth above, Sections 401 and 501 of the Pennsylvania Securities Act prohibit false statements and omissions of material fact in connection with the sale of securities.

120.    The Plaintiffs believe and therefore aver that Pirchesky, Campbell and Boustead Securities participated in the use of false statements and omissions of material fact when they offered the securities of OneJet for sale to the Plaintiffs.

121.    Pirchesky, Campbell and Boustead Securities should have been aware of both the falsity of the information provided to the Plaintiffs, and that such information contained material omissions, if they had exercised reasonable care. See, *70 P.S. 1-501 (a); Kronenberg v. Katz,* 2004 Del. Ch. LEXIS 77, 872 A.2d 568 (2004) (applying Pennsylvania law).

122.    Accordingly, Pirchesky, Campbell and Bousted Securities are liable

to the Plaintiffs pursuant to *70 P.S. 1-401 and 1-501*.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of the limits of the Arbitration Division of this Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees and any other relief that is just and proper.

### COUNT 6: Plaintiffs v. Matthew Maguire, Patrick Maguire, Pirchesky, Campbell, Boustead Securities, LLC, Lewis and Minnotte

#### *Violation of Section 503 of the Pennsylvania Securities Act: 70 P.S. §1-503*

123.   The plaintiffs hereby incorporate the averments of Paragraphs 1 through 122 above by reference as if set forth in their entirety.

124.   The Pennsylvania Securities Act provides for joint and several liability for all persons "who materially aid in an act or transaction" which constitutes a violation of the Act. Thus, *70 P.S. 1-503* provides in relevant part, that:

> Every affiliate of a person liable under section 501 or 502, every partner, principal executive officer or director of such person, every person occupying a similar status or performing similar functions, every employee of such person who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the person liable hereunder proves that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

125.    Matthew Maguire and Patrick Maguire materially aided in the violations of the Pennsylvania Securities Act by virtue of the material misstatements that they made to the Plaintiffs.

126.    Pirchesky, Campbell and Boustead Securities, by virtue of their positions as registered brokers under FINRA, materially aided in the sale of the OneJet securities to the Plaintiffs.

127.    Accordingly, Pirchesky, Campbell and Boustead Securities are liable to the Plaintiffs pursuant to *70 P.S. 1-503.*

128.    Moreover, a defendant need not be a "seller of securities" in order to be held liable under Section 503. See, *Gilliland v. Hergert,* 2007 U.S. Dist. LEXIS 84508 (W.D. Pa. 2007):

> Pursuant to the plain text of the statute, there is no requirement that Hergert be a "seller" to face liability under *Section 1-503*. It is sufficient for the factfinder to conclude that he was a "broker-dealer or agent who materially aided in the act or transaction constituting the violation.

See also, *Fox International Fiserv Securities,* 490 F.Supp. 590 (E.D. Pa. 2007); *Touchstone Group, LLC v. Rink,* 913 F.Supp. 1063 (D. Colo. 2012), in which the Court held that Section 503 of the Pennsylvania Securities Act extends beyond "sellers" of the securities. As stated by the Court:

> … the text of the statute clearly provides for liability not only against fraudulent sellers, but also against those "who materially aid in the act or transaction constituting the (primary) violation.

129.    Lewis and Minnotte are also liable to the Plaintiffs under Section 503, since their involvement on the Airport Authority Board served as a

significant and material endorsement of OneJet in the eyes of the Plaintiffs.

Moreover, Lewis and Minnotte actively solicited investors for the OneJet

securities. Accordingly, Lewis and Minnotte "aided and abetted" the Maguires'

violations of the Act. See, *NewSpring Mezzanine Capital, II, L.P. v. Hayes,* 2016

U.S. Dist. LEXIS 177921 (E.D. Pa. 2017); *Brennan v. Reed, Smith, Shaw &*

*McClay,* 304 Pa.Super. 399, 450 A.2d 740 (1982).

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter

judgment in favor of the Plaintiffs and against the Defendants for compensatory

damages in an amount in excess of the limits of the Arbitration Division of this

Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees

and any other relief that is just and proper.

### COUNT 7: Plaintiffs v. Matthew Maguire, Patrick Maguire
### Pirchesky, Campbell, Boustead Securities, LLC, Lewis and Minnotte

#### *Aiding and abetting liability*
#### *under common law principles:*

130.   The plaintiffs hereby incorporate the averments of Paragraphs 1

through 129 above by reference as if set forth in their entirety.

131.   In addition to their liability under the Pennsylvania Securities Act,

Matthew Maguire, Patrick Maguire, Pirchesky, Campbell, Boustead Securities,

Lewis and Minnotte are subject to "aiding and abetting liability" under common

law principles.

132.   *Section 876* of the *Restatement (Second) of Torts* provides for

aiding and abetting liability as follows:

> For harm resulting to a third person from the tortious
> conduct of another, one is subject to liability if he:

(a)    does a tortious act in concert with the other or
       pursuant to a common design with him, or

(b)    knows that the other's conduct constitutes a
       breach of duty and gives substantial assistance
       or encouragement to the other to so conduct
       himself, or

(c)    gives substantial assistance to the other in
       accomplishing a tortious result and his own
       conduct, separately considered, constitutes
       a breach of duty to the third person.

133.    In *Sovereign Bank v. Ganter,* 2006 Pa.Super. 338, 914 A.2d 415

(2006), the Superior Court adopted Section 876 as part of the common law of

Pennsylvania. As stated by the Court:

> Based upon the foregoing, we hold that concerted
> tortious action, as defined in *Section 876* of the
> *Restatement (Second) of Torts,* is a recognized
> civil cause of action under Pennsylvania law.

See also, *Koken v. Steinberg,* 2003 Pa. Commw. LEXIS 370, 825 A.2d 723

(2003).

134.    Several Court have employed Section 876 to find a stockbroker or

other agent liable, based upon aiding and abetting violations of the securities law.

In *Gilliland v. Hergert,* 2007 U.S. Dist. LEXIS 84508 (W.D. Pa. 2007), the Court

held that an attorney, who solicited investments for a company which he

represented, could be held liable under Section 876, if he provided "substantial

assistance" in the client's violation of the Pennsylvania Securities Act. The Court

reached a similar conclusion in *In re Enron Corporation Securities Litigation,* 490

F.Supp. 2d. 784 (S.D. Tex. 2007). As stated by the Court:

> The complaint … demonstrates that Merrill Lynch

> gave substantial assistance to Enron in cooking its
> books and its SEC filed reports… The complaint
> states facts that suggest Merrill Lynch acted with
> intent to deceive investors like Plaintiffs **or acted**
> **with reckless disregard regarding Enron's**
> **alleged untruthful or illegal activity.**

In *Retirement Program for Employees of the Town of Fairfield v. Madoff,* 2011

Conn. Super. LEXIS 3318 (2011), the Superior Court of Connecticut held that:

> … the aider or abettor must materially assist the
> primary violator in the offer or sale of the securities
> and in the violation by which the primary violator
> accomplished the offer or sale, which in this case
> is the selling of a security by means of an untrue
> statement of material fact…

See also, *Silvercreek Management v. Citigroup, Inc.* 248 F.Supp. 3d 428 (S.D.

N.Y. 2017).

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter

judgment in favor of the Plaintiffs and against the Defendants for compensatory

damages in an amount in excess of the limits of the Arbitration Division of this

Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees

and any other relief that is just and proper.

### COUNT 8: Plaintiffs v. Pirchesky, Campbell and
### Boustead Securities, LLC

#### *Negligent Misrepresentation*

135.   The plaintiffs hereby incorporate the averments of Paragraphs 1

through 134 above by reference as if set forth in their entirety.

136.   Section *552 of the Restatement (Second) of Torts,* provides in

relevant part, that:

> One, who, in the course of his business, profession or

> employment, or in any other transaction in which he
> has a pecuniary interest, supplies false information for
> the guidance of others in their business transactions,
> is subject to liability for pecuniary loss caused to them
> by their justifiable reliance upon the information, if he
> fails to exercise reasonable care or competence in
> obtaining or communicating the information.

This tort, commonly known as negligent misrepresentation, has been adopted as part of the common law in the Commonwealth of Pennsylvania. See, *Bortz v. Noon,* 556 Pa. 489, 729 A.2d 555 (1999).

137.   The provider of the information does not have to know that his statements are false. It is actionable if the provider fails to make a reasonable investigation to determine the truth of his statements.  See, *Bortz, supra:*

> … the speaker need not know his or her words are
> untrue, but must have failed to make a reasonable
> investigation of the truth of these words.

See also, *Gongloff Contracting, LLC v. Robert Kimball & Associates,* 2015 Pa.Super. 149, 119 A.3d 1070 (2015).

138.   In addition, a provider of information will be held liable to those who rely upon it, even where there is no privity of contract between the parties. See, *Bilt-Rite Contractors, Inc. v. Architectural Studio,* 581 Pa. 454, 866 A.2d 270 (2005) and cases cited therein. As stated by the Supreme Court of Pennsylvania:

> *Section 552* imposes a duty of reasonable care
> upon the supplier of information for use by others.
> Both on its face and as a matter of logic, *Section
> 552* negates any requirement of privity…

See also, *Rich v. Brandywine Insurance Advisors, LLC,* 2017 U.S. Dist. LEXIS 34404 (E.D. Pa. 2017).

139.   Several Courts have employed *Section 552* to hold a seller of

securities liable when he fails to conduct proper due diligence concerning a company's financial integrity. See, *Gilliland v. Hergert,* 2007 U.S. Dist. LEXIS 84508 (W.D. Pa. 2007); *Kronenberg v. Katz,* 2004 Del. Ch. LEXIS 77, 872 A.2d 568 (2004) (applying Pennsylvania law); *In re Enron Corporation Securities,* 235 F.Supp. 2d. 549 (S.D. Tex. 2002).

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of the limits of the Arbitration Division of this Honorable Court, plus interest, costs of suit, statutory penalties, attorneys' fees and any other relief that is just and proper.

Respectfully Submitted,

  /s/ James R. Cooney_____
JAMES R. COONEY
PA I.D. #32706

ROBERT O LAMPL
PA I.D. #19809

DAVID L. FUCHS
PA I.D. #205694

RYAN J. COONEY
PA I.D. #319213

SY O. LAMPL
PA I.D. #324741

Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

Attorneys for the Plaintiffs

## VERIFICATION

I verify that the statements of fact made in the foregoing **Complaint in Civil Action** are true and correct to the best of my knowledge, information and belief. I understand that these statements of fact are subject to the penalties of **18 Pa. C.S.A. § 4904** relating to unsworn falsifications to authorities.

Date: _December 5, 2018_

_Thomas T. Girard_
Woody Partners

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **WOODY PARTNERS et al,** | **CIVIL DIVISION** |
| **Plaintiffs,** | |
| **v.** | **Case No.** |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | |
| **Defendants.** | |

## <u>LIST OF PLAINTIFFS</u>

All of the Plaintiffs purchased stock and/or notes of OneJet, Inc. (OneJet) from Matthew R. Maguire and/or Boustead Securities, LLC, Robert Campbell and Melvin Pirchesky, as follows:

1.      Woody Partners is a general partnership with offices at 132 Hartwood Drive, Pittsburgh, PA 15208. Woody Partners purchased shares of Series B Preferred Stock on November 16, 2017 for $200,000.00.

2.      Aloe Brothers, LLC, is a Pennsylvania Limited Liability Company with offices at 5540 Dunmoyle Avenue, Pittburgh, PA 15217. Aloe Brothers purchased shares of Series B Preferred Stock on June 7, 2017 for $400,000.00.

3.      David Aloe is an adult individual with offices at 200 Neville Road, Pittsburgh, PA 15225. David Aloe purchased shares of Series B Preferred Stock for $100,000.00.

4.      Jerry Whitaker is an adult individual who resides at 24 Paw Paw Way, Sunset, SC 29685. Jerry Whitaker purchased shares of Series B Preferred Stock on June 12, 2017 for $100,000.00.

## EXHIBIT "A"

5.      Alexander Speyer is an adult individual who resides at 571 Briar Cliff Road, Pittsburgh, PA 15221. Alexander Speyer purchased a OneJet Term Note for $100,000.00.

6.      Michael Lewis is an adult individual with offices at 275 Curry Hollow Road, Pittsburgh, PA 15236.  Michael Lewis invested $900,000.00 in OneJet.

7.      Triad Investments, Inc. is a corporation with offices at 32425 Aurora Road, Salon, Ohio 44139. Triad Investments purchased Series B Preferred Stock on June 12, 2017 for $300,000.00, and on December 12, 2017 for $50,000.00, for a total investment of $350,000.00.

8.      Orttech Ltd., Inc. is a corporation with offices at 32425 Aurora Road, Salon, Ohio 44139. Orttech Ltd. purchased Series B Preferred Stock on June 12, 2017 for $100,000.00, and on December 12, 2017 for $100,000.00, for a total investment of $200,000.00.

9.      Stephen J. Zenczak is the Co-Trustee of the Gregory S. Zenczak Family Dynasty Trust who resides at 1185 Fox Hill Drive, Gates Mills, Ohio 44040. Stephen J. Zenczak, in his capacity as the Co-Trustee of the Gregory S. Zenczak Family Dynasty Trust, purchased shares of Series B Preferred Stock on June 9, 2017 for $50,000.00.

10.      Gregory S. Zenczak is the Co-Trustee of the Stephen J. Zenczak Family Dynasty Trust who resides at 1185 Fox Hill Drive, Gates Mills, Ohio 44040. Gregory S. Zenczak, in his capacity as the Co-Trustee of the Stephen J. Zenczak Family Dynasty Trust, purchased shares of Series B Preferred Stock on June 9, 2017 for $50,000.00.

11.      Kevin Altomari is an adult individual who resides at 1071 Parkview Boulevard, Pittsburgh, PA 15217.  Kevin Altimari purchased shares of Series B Preferred

**EXHIBIT "A"**

Stock on July 28, 2017 for $62,410.00, on September 9, 2017 for $50,000.00 and on December 12, 2017 for $50,000.00, for a total investment of $162,410.00.

12.     John A. George and Carolyn D. George are adult individuals. John A. George has offices at 5835 Ellsworth Avenue, Pittsburgh, PA  15232.  John A. George and Carolyn D. George purchased shares of Series B Preferred Stock for $225,000.00.

13.     James Liken is an adult individual who resides at 5 Deer Spring Lane, Pittsburgh, PA 15238. James Liken invested $650,000.00 in OneJet.

14.     Corina Diehl is an adult individual whith offices at 258 Pittsburgh Road, Butler, PA 16001. Corina Diehl purchased a OneJet Term Note for $150,000.00.

15.     Nicholas P. Constantakis and Valerie Constantakis are adult individuals residing at 4660 Vitullo Drive, Allison Park, PA 15101. Nicholas P. Constantakis and Valerie Constantakis purchased Series B Preferred Stock for $200,000.00 on July 26, 2017. In addition, the Constantakis purchased a OneJet Term Note for $150,000.00 on December 7, 2017.

16.     Andrew Constantakis is an adult individual who resides in Pittsburgh, PA. Andrew Constantakis invested $50,000.00 in OneJet.

17.     B5S, LLC is a limited liability company with offices at 900 Art Rooney Avenue, Pittsburgh, PA 15212. B5S purchased shares of Series B Preferred Stock for $250,000.00.

18.     James V. Sacco is an adult individual with offices at 900 Art Rooney Avenue, Pittsburgh, PA 15212. James V. Sacco purchased a OneJet Term Note for $75,000.00.

19.     Robert Denove is an adult individual with offices at One PPG Place,

**EXHIBIT "A"**

Pittsburgh, PA 15222. Robert Denove purchased a OneJet Term Note for $75,000.00.

20.     Blair Oak Investment, LP is a limited partnership with offices at 1121 Boyce Road, Pittsburgh, PA 15241.  Blair Oak Investment purchased Series B Preferred Stock for $500,000.00 and a OneJet Term Note for $125,000.00, for a total investment of $625,000.00.

21.     Robert Auray, Jr. and Marion Auray are adult individuals residing at 610 Berkshire Drive, Pittsburgh, PA 15215. Robert Auray, Jr. and Marion Auray purchased shares of Series B Preferred Stock for $75,000.00 on January 8, 2018.

22.     Robert A. Pietrandrea is an adult individual residing at 2540 Longmount Drive, Wexford, PA 15090. Robert A. Pietrandrea purchased shares of Series B Preferred Stock for $74,896.17 on December 22. 2017 and a OneJet Term Note for $150,000.00 on December 29, 2017, for a total investment of $224,896.17.

23.     David Matter is an adult individual who resides at 201 McClean Place, Pittsburgh, PA 15217. David Matter purchased a OneJet Term Note for $50,000.00.

24.     John Paul is an adult individual with offices at 4401 Penn Avenue, Pittsburgh, PA 15224. John Paul purchased a OneJet Term Note for $50,000.00.

25.     Randy Lueth is an adult individual who resides at 106 Nevin Drive, McMurray, PA 15317. Randy Lueth purchased a OneJet Term Note in May of 2018 for $75,000.00.

26.     Matthew Johnson is an adult individual with offices at 285 Kappa Drive, Pittsburgh, PA 15238. Matthew Johnson invested $325,000.00 in OneJet.

27.     James Johnson is an adult individual with offices at 285 Kappa Drive, Pittsburgh, PA 15238. James Johnson invested $325,000.00 in OneJet.

**EXHIBIT "A"**

28.     The Christian Luke Ronald Vadas 2016 Trust is a Trust administered by Robert Joseph Vadas, Trustee. The Trust invested $75,000.00 in OneJet.

29.     The Simon Isaac Young Vadas 2016 Trust is a Trust administered by Sue Young-Vadas, Trustee. The Trust invested $75,000.00 in OneJet.

30.     Mitchell Elias Nahra, M.D. is an adult individual with offices at 9500 Mentor Avenue, Mentor, Ohio 44060. Mitchell Elias Nahra invested $150,000.00 in OneJet.

31.     Flighthawk, LLC is a Pennsylvania limited liability company with offices at 209 Fourth Avenue, Pittsburgh, PA 15222. Flighthawk, LLC purchased a OneJet Term Note for $150,000.00.

32.     Susan Rosen is an adult individual who resides in Pittsburgh, PA. Susan Rosen invested $50,000.00 in OneJet.

33      Jack Shilling is an adult individual who resides in Pittsburgh, PA. Jack Shilling invested $150,000.00 in OneJet.

34.     Richard Berglund is an adult individual who resides at 444 Dorseyville Road, Pittsburgh, PA 15215.  Richard Berglund purchased a OneJet Term Note on April 22, 2018 for $150,000.00.

35.     Anthony Folino is an adult individual who resides at 109 Dark Hollow Road, Oakmont, PA 15139. Anthony Folino purchased a OneJet Term Note for $150,000.00.

36.     Sheertex Fabrics, LLC is a limited liability company with offices at 6401 Penn Avenue, Pittsburgh, PA 15206. Sheertex Fabrics, LLC purchased a OneJet Term

**EXHIBIT "A"**

Note for $150,000.00.

37.     Steven Smith is an adult individual who resides at 505 Washington Avenue, Pittsburgh, PA 15106. Steven Smith invested $150,000.00 in OneJet.

38.     Nancy Davenport is an adult individual who resides at 707 Hickory Road, Naples, FL 34108. Nancy Davenport purchased a OneJet Term Note for $150,000.00.

39.     William E. Hunt is an adult individual with offices at One Bigelow Square, Pittsburgh, PA 15219.  William E. Hunt purchased shares of Series B Preferred Stock for $250,000.00 and a OneJet Term Note for $150,000.00, for a total investment of $400,000.00.

40.     Clement R. Austin is an adult individual who resides at 3700 Drexel Drive, Erie, PA 16506. Clement R. Austin invested $150,000.00 in OneJet.

41.     Scott Kern is an adult individual who resides at 5362 Wolf Road, Erie, PA 16506. Scott Kern invested $150,000.00 in OneJet.

42.     Steven Einhorn is an adult individual who resides at 8205 N. River Road, Milwaukee, WIS 53217. Steven Einhorn purchased shares of Series B Preferred Stock for $100,000.00 and a OneJet Term Note for $50,000.00, for a total investment of $150,000.00.

43      The Harding-Brown Family Trust is administered by its Trustees, Greg Harding-Brown and Carol Harding-Brown.  The Harding-Brown Family Trust purchased shares of Series B Preferred Stock on January 30, 2017 for $50,000.00.

44.     Jeffrey Joerres is an adult individual with offices at 875 E. Wisconsin Avenue, Milwaukee, WI 53202.  Jeffrey Joerres invested $150,000.00 in OneJet.

45.     William Nasgovitz is an adult individual who resides at 4470 N. Lake,

**EXHIBIT "A"**

Milwaukee, Wisconsin 53211. William Nasgovitz purchased shares of Series B Preferred Stock for $500,000.00.

46.     Michael H. White is an adult individual with offices at P.O. Box 245020, Milwaukee, Wisconsin 53224. Michael H. White purchased shares of Series B Preferred Stock for $250,000.00.

47.     Timothy Hoeksema is an adult individual with offices at 100 East Wisconsin Avenue, Milwaukee, WI 53202. Timothy Hoeksema purchased shares of Series B Preferred Stock for $50,000.00.

48.     Dennis Kuester is an adult individual residing in Naples, FL. Dennis Kuester invested $100,000.00 in OneJet.

49.     Keith Kronk is an adult individual with offices at One North Shore Center, 12 Federal Street, Pittsburgh, PA 15212. Keith Kronk puchased a OneJet Term Note for $150,000.00.

50.     David Tesone is an adult individual residing in Pittsburgh. David Tesone invested $150,000.00 in OneJet.

51.     Derek Thomas is an adult individual residing in Pittsburgh. Derek Thomas invested $150,000.00 in OneJet.

**EXHIBIT "A"**

**EXHIBIT "A"**

New Search     Sheriff History     Docket Report     Account Information

| GD-18-015969 | | Woody Partnters etal vs Maguire etal |
|---|---|---|
| Filing Date: | 12/05/2018 | Case Type: | Other Tort |
| Filing Time: | 03:44:13 | | |
| Related Cases: | | Court Type: | General Docket |
| | | Current Status: | Sheriff Return |
| Consolidated Cases: | | | |
| Judge: | No Judge | Jury Requested: | N |
| Amount In Dispute: | $ 0 | | |

Collapse All

**− Parties**                                                                    Count : 59

**--Litigants--**

Search  ⊡ ↻ ▤ ▦▾

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Johnson | James | | Plaintiff | 285 Kappa Drive Pittsburgh PA 15238 | -- | Robert O. Lampl |
| Harding-Brown | Greg | | Plaintiff | 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Aloe Brothers LLC | | | Plaintiff | 5540 Dunmoyle Avenue Pittsburgh PA 15217 | -- | Robert O. Lampl |
| Woody Partners | | | Plaintiff | 132 Hartwood Drive Pittsburgh PA 15208 | -- | Robert O. Lampl |
| Lueth | Randy | | Plaintiff | 106 Nevin Drive McMurray PA 15317 | -- | Robert O. Lampl |
| Shilling | Jack | | Plaintiff | c/o 223 Fourth Avenue, 4th Fl. Pittsburgh PA 15222 | -- | Robert O. Lampl |
| Berglund | Richard | | Plaintiff | 444 Dorseyville Road Pittsburgh PA 15215 | -- | Robert O. Lampl |
| Speyer | Alexander | | Plaintiff | 571 Briar Cliff Road Pittsburgh PA 15221 | -- | Robert O. Lampl |
| Sheertex Fabrics LLC | | | Plaintiff | 6401 Penn Avenue Pittsburgh PA 15206 | -- | Robert O. Lampl |
| Pietrandrea | Robert | A. | Plaintiff | 2540 Longmount Drive Wexford PA 15090 | -- | Robert O. Lampl |

Showing 1 to 10 of 58 rows    10 ▾  rows per page        ‹  1  2  3  4  5  6  ›

**--Attorney--**

Search  ⊡ ↻ ▤ ▦▾

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Lampl | Robert | O. | Plaintiff's Attorney | 223 Fourth Avenue 4th Floor Pittsburgh PA 15222 | -- |

Showing 1 to 1 of 1 rows

**--Non Litigants--**

Search  ⊡ ↻ ▤ ▦▾

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| | | | No matching records found | | |

**− Docket Entries**                                                              Count : 5



| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|---|---|---|---|---|
| 1/2/2019 | Sheriff Return | Melvin Pirchesky was served with Complaint on 01/02/2019 by Served - Defendant(s) Personally Served. | Woody Partners | Sheriff Return |
| 12/24/2018 | Acceptance of Service | of Complaint | Woody Partners | Document 4 |
| 12/11/2018 | Sheriff Return | ROBERT LEWIS was served with Complaint on 12/11/2018 by Served - Defendant(s) Personally Served. | Woody Partners | Sheriff Return |
| 12/10/2018 | Sheriff Return | david minnotte was served with Complaint on 12/10/2018 by Served - Adult Agent or person in charge of Defendant(s) office or usual place of business. Lisa | Woody Partners | Sheriff Return |
| 12/5/2018 | Complaint | | Woody Partners | Document 1 |

Showing 1 to 5 of 5 rows

**— Event Schedule**                                                                 Count : 0

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|---|---|---|---|
| | | No matching records found | |

**— Services**

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|
| Complaint | David Minnotte | 1 Minnotte Square Pittsburgh, PA 15220 Pittsburgh | david minnotte | SGREEN | 12/10/2018 12:00:00 AM | 1140 | Served - Adult Agent or person in charge of Defendant(s) office or usual place of business |
| Complaint | Melvin Pirchesky | 400 South Highland Avenue Apt. 3 Pittsburgh, PA 15206 Pittsburgh | Melvin Pirchesky | T103441 | 1/2/2019 12:00:00 AM | 1026 | Served - Defendant(s) Personally Served |
| Complaint | Robert J. Lewis | 1344 Fifth Avenue Pittsburgh, PA 15219 Pittsburgh | ROBERT LEWIS | NHALL | 12/11/2018 12:00:00 AM | 1411 | Served - Defendant(s) Personally Served |

Showing 1 to 3 of 3 rows

Collapse All

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

WOODY PARTNERS et al,

        Plaintiffs,

   v.

MATTHEW R. MAGUIRE, PATRICK
MAGUIRE, BOUSTEAD SECURITIES,
LLC, MELVIN PIRCHESKY, ROBERT
CAMPBELL, ROBERT LEWIS and
DAVID MINNOTTE,

        Defendants.

Case No. GD-18-015969

ACCEPTANCE OF SERVICE

Filed on Behalf of the Plaintiffs

Counsel of Record for this Party:

ROBERT O LAMPL
PA I.D. #19809

JAMES R. COONEY
PA I.D. #32706

DAVID L. FUCHS
PA I.D. #205694

RYAN J. COONEY
PA I.D. #319213

SY O. LAMPL
PA I.D. #324741

Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: rlampl@lampllaw.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

WOODY PARTNERS et al,                    CIVIL DIVISION

        Plaintiffs,

    v.                                   GD-18-015969

MATTHEW R. MAGUIRE, PATRICK
MAGUIRE, BOUSTEAD SECURITIES,
LLC, MELVIN PIRCHESKY, ROBERT
CAMPBELL, ROBERT LEWIS and
DAVID MINNOTTE,

        Defendants.

## ACCEPTANCE OF SERVICE

I, John N. Joseph, hereby certify that I accept service of the Complaint in the above-captioned matter on behalf of Matthew R. Maguire and Patrick Maguire and certify that I am authorized to do so.

Date: Dec 21, 2018

John N. Joseph
Attorney for Matthew R. Maguire and
Patrick Maguire

## CERTIFICATE OF SERVICE

I, James R. Cooney, hereby certify that true and correct copies of the within

**Acceptance of Service** were served upon all interested parties on December 24, 2018,

by E-mail, addressed as follows:

John N. Joseph
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
*jjoseph@postschell.com*

Eric A. Schaffer
Reed Smith
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
*eschaffer@reedsmith.com*

  */s/ James R. Cooney*
James R. Cooney