IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOODY PARTNERS et al, | ) |
| | ) Civil Action No. 19-18 |
| Plaintiffs, | ) |
| | ) Judge Marilyn J. Horan |
| v. | ) |
| | ) |
| MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS, and DAVID MINNOTE, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On December 5, 2018, Plaintiffs filed a Complaint alleging state law claims in the Court of Common Pleas of Allegheny County, Pennsylvania. (ECF No. 1). On January 8, 2019, Defendant David Minnotte removed the case to the United States District Court for the Western District of Pennsylvania on the basis that the state law claims alleged in the Complaint are related to a pending bankruptcy proceeding involving OneJet, Inc., a non-party to this case. *Id.* On February 6, 2019, Plaintiffs timely filed a Motion to Remand to State Court, as well as a Motion for Abstention. (ECF No. 32). The parties briefed this matter, (ECF Nos. 38–42, 44), and the Court heard oral argument on the Motions on March 7, 2019.

For the following reasons, both the Motion to Remand and the Motion for Abstention will be denied.

1

**I. Background**

According to the Complaint, OneJet is an airline transportation business that began flight operations in April 2015. (ECF No. 1-1, at ¶¶ 12, 14). By August 2017, it offered non-stop flights from Pittsburgh to eight other cities. *Id.* at ¶ 17. However, OneJet began defaulting on its obligations in June 2018 and ceased operations on September 27, 2018, notifying investors that "[a]ll resources have been exhausted to sustain any further efforts." *Id.* at ¶¶ 67, 81. On October 17, 2018, creditors of OneJet filed an involuntary petition under Chapter 7 of the Bankruptcy Code against OneJet in the United States Bankruptcy Court for the Western District of Pennsylvania. *Id.* at ¶ 85. On November 13, 2018, the Bankruptcy Court entered an Order for Relief and appointed a Chapter 7 trustee. *Id.* at ¶¶ 87–88.

Thereafter, on December 5, 2018, Plaintiffs—fifty-one people who purchased stock and/or notes of OneJet, and nearly all of whom have filed proofs of claim in the pending bankruptcy proceeding—filed the present suit against various individuals who had roles in OneJet's operation. (ECF No. 1-1, at ¶¶ 1–8; ECF No. 39, at 1, 3[1]). Specifically, Plaintiffs bring suit against Matthew and Patrick Maguire, who formed OneJet in 2007, and who began soliciting investments in OneJet from the public in October 2014. (ECF No. 1-1, at ¶¶ 11, 33). Matthew Maguire was the CEO of OneJet, and after the filing of the Chapter 7 involuntary petition, the Bankruptcy Court designated him as the principal operating officer of OneJet. *Id.* at ¶¶ 25, 89. Plaintiffs allege that the Maguires breached their fiduciary duties and violated various provisions of the Pennsylvania Securities Act in relation to their operation of OneJet. *Id.* at ¶¶ 91–113, 123–29. Plaintiffs also allege a claim of aiding and abetting liability against the Maguires. *Id.* at

---

[1] All Defendants make the same or similar arguments in this matter. For the sake of simplicity, the Court cites to Defendant David Minnotte's materials for Defendants' arguments. The remaining Defendants' arguments are presented in ECF Nos. 38, 40, and 41.

¶¶ 130–34. In essence, Plaintiffs' claims center on allegations that the Maguires made many misrepresentations of material fact to Plaintiffs to induce Plaintiffs to invest in OneJet, and that as a result of the Maguires' misconduct related to the operation of OneJet, Plaintiffs' investments in OneJet are now worthless. *See id.* at ¶¶ 38, 96.

Plaintiffs also bring suit against Boustead Securities, LLC, and its sales agents, Melvin Pirchesky and Robert Campbell. *Id.* at ¶¶ 4–6. The Maguires hired Boustead Securities, a registered broker-dealer, in March 2017 "to assist them in securing investors and investment capital for OneJet." *Id.* at ¶¶ 40–41. Plaintiffs allege that Boustead Securities, Pirchesky, and Campbell violated the Pennsylvania Securities Act on similar grounds as the Maguires. *Id.* at ¶¶ 114–29. Plaintiffs further allege a claim of negligent misrepresentation and a claim of aiding and abetting liability against these three Defendants. *Id.* at ¶¶ 130–39. Lastly, Plaintiffs bring suit against Robert Lewis, a shareholder of OneJet and a member of OneJet's Board of Directors, as well as David Minnotte, also a shareholder of OneJet. *Id.* at ¶¶ 7–8. Plaintiffs likewise allege a violation of the Pennsylvania Securities Act and a claim of aiding and abetting liability against Lewis and Minnotte. *Id.* at ¶¶ 123–34.

Defendant Minnotte removed the case to the United States District Court for the Western District of Pennsylvania, under 28 U.S.C. § 1334(b), on the basis that Plaintiffs' claims are related to the pending bankruptcy proceeding involving OneJet. (ECF No. 1). The remaining Defendants subsequently joined in the Notice of Removal, "adopt[ing] the factual and legal recitations proffered by Defendant Minnotte." (ECF Nos. 3, 15, 20). Plaintiffs thereafter moved to remand this matter to state court, or in the alternative, moved for the Court to abstain from hearing this matter in accordance with 28 U.S.C. § 1334(c). Thus, the primary issue is whether Plaintiffs' claims, which are based solely in state law, are related to the bankruptcy proceeding

3

regarding OneJet, a non-party in the present matter, such that this Court has subject matter jurisdiction over Plaintiffs' claims. If the Court finds that it has jurisdiction, the second issue is whether the Court should nonetheless abstain from exercising its jurisdiction, and instead remand the matter to state court.

**II. Discussion**

A. Motion to Remand

The party asserting that a federal court has subject matter jurisdiction over a particular matter bears the burden of proving that such jurisdiction in fact exists. *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012). In the case of removal of an action from state court to federal court, that party, of course, is the defendant. *See* 28 U.S.C. § 1441. One basis on which a defendant may remove an action to federal court is found in 28 U.S.C. § 1334(b), which states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or *related to* cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b) (emphasis added). A civil proceeding is "related to" a bankruptcy case if the "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). The civil proceeding at issue does not necessarily need to be against the debtor or the debtor's property. *Id.* Rather, the proper inquiry is whether the outcome of the civil proceeding "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* "Related to" jurisdiction is not limitless, however; where another, separate action, such as one for contribution or indemnification, would need to be filed in order

4

for the current action to affect the bankruptcy proceeding, bankruptcy courts have no jurisdiction. *Nuveen Mun. Trust*, 692 F.3d at 294, 298 n.8.

The Third Circuit's opinion in *Nuveen Mun. Trust v. Withumsmith Brown, P.C.* is on point. There, the plaintiff entered into a loan transaction with a medical center. *Id.* at 287. As a part of that transaction, the medical center provided the plaintiff with an audit report from the medical center's accounting firm and an opinion letter from the medical center's counsel. *Id.* Shortly after the plaintiff extended the loan to the medical center, the medical center filed a Chapter 11 bankruptcy petition. *Id.* The plaintiff brought claims of fraud, negligent misrepresentation, and malpractice against the accounting firm and counsel of the medical center, alleging that the audit report and the opinion letter concealed the medical center's financial condition, and that had the plaintiff known about the medical center's financial condition, it would not have entered into the loan transaction. *Id.* The defendant accounting firm and defendant law firm removed the case to federal court, arguing that the district court had jurisdiction because the plaintiff's claims were "related to" to the medical center's bankruptcy proceeding. *Id.*

The Third Circuit held that "related to" jurisdiction existed because, in short, "a creditor cannot collect more, in total, than the amount it is owed." *Id.* at 295, 298. The court explained that even if the plaintiff prevailed in the action against the defendants, it would not be permitted to recover more in total from the defendants and medical center-debtor than would make it whole as to its losses on the loan transaction. *Id.* at 298. Accordingly, if the plaintiff prevailed against the defendants, the plaintiff's recovery as a creditor in the bankruptcy proceeding would be reduced by the amount recovered from the defendants. *Id.* That reduction would decrease the medical center-debtor's liabilities, and in turn, benefit other creditors who would receive a

greater share in the disbursement of the medical center-debtor's assets—thus affecting the administration of the bankrupt estate. *Id.*

Here, the facts are quite similar to those in *Nuveen*. Plaintiffs purchased stock and/or notes of OneJet, and nearly all Plaintiffs have filed proofs of claim as creditors in the pending bankruptcy proceeding. (ECF No. 1-1, at ¶ 1; ECF No. 39, at 1, 3). Plaintiffs also seek recovery of their investments from the individual Defendants in this case, on the basis of breach of fiduciary duties, various violations of the Pennsylvania Securities Act, negligent misrepresentation, and aiding and abetting liability. (ECF No. 1-1). Although Plaintiffs are allowed to pursue their claims in both proceedings, they cannot receive double recovery—that is, they cannot recover more, in total, from Defendants and OneJet than the amount that would make them whole as to their losses from their investments. Should Plaintiffs prevail against Defendants, the amount Plaintiffs could recover in the bankruptcy proceeding would be reduced by the amount recovered from Defendants, thus reducing OneJet's liabilities. Accordingly, just as in *Nuveen*, the administration of the bankrupt estate conceivably could be affected. Plaintiffs' claims are therefore "related to" the bankruptcy proceeding, and this Court has jurisdiction under 28 U.S.C. § 1334(b).

B. Motion for Abstention

Having determined that "related to" jurisdiction exists, the next issue is Plaintiffs' argument that the Court is subject to the mandatory abstention provision of 28 U.S.C. § 1334(c)(2), or in the alternative, the Court should abstain under the permissive abstention provision of 28 U.S.C. § 1334(c)(1). (ECF No. 32, at 6; ECF No. 42, at 26). Section 1334(c)(2) states that where a district court has "related to" jurisdiction, "[u]pon timely motion . . . , the district court *shall* abstain from hearing such proceeding if an action is commenced, and can be

timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2) (emphasis added). Accordingly, a district court is required to abstain if the following requirements are met:

> (1) the proceeding is based on a state law claim or cause of action;
> (2) the claim or cause of action is "related to" a case under title 11 [the Bankruptcy Code], but does not "arise under" title 11 and does not "arise in" a case under title 11;
> (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;
> (4) an action "is commenced" in a state forum of appropriate jurisdiction; and
> (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006). The first three requirements are plainly met here. All of Plaintiffs' claims in the present action are state law claims; this Court has determined that "related to" jurisdiction exists; and, but for "related to" jurisdiction, there would be no federal subject matter jurisdiction over Plaintiffs' claims. The parties' dispute thus focuses on whether the action "is commenced" and whether the action can be "timely adjudicated" in a state forum. (ECF No. 39, at 14; ECF No. 42, at 21).

First, Defendants argue that in order to meet the "is commenced" requirement, the state court action must have been filed prior to the filing of the bankruptcy petition. (ECF No. 39, at 14). Plaintiffs, however, contend that the timing of commencement in relation to the filing of the petition is irrelevant. (ECF No. 42, at 22). The Court agrees with Plaintiffs. Defendants rely primarily on *In re Longview Power, LLC*, 516 B.R. 282 (Bankr. D. Del. 2014), which was later distinguished as to this particular issue by *In re Gen. Wireless Operations*, 2017 Bankr. LEXIS 4139 (Bankr. D. Del. Dec. 1, 2017). In the latter case, the court found that the Third Circuit, in *Stoe*, had "implicitly held that post-petition commencement is sufficient by approving mandatory

abstention in a factual scenario involving a state court action filed post-petition."[2] *In re Gen. Wireless Operations*, 2017 Bankr. LEXIS 4139, at *12. The court held that *Longview* and the Third Circuit's decision in *Stoe* were "neither distinguishable nor reconcilable," and that "*Longview* must of course yield to *Stoe*." *In re Gen. Wireless Operations*, 2017 Bankr. LEXIS 4139, at *12–13. This Court finds this conclusion in *Gen. Wireless* to be persuasive; therefore, the "is commenced" requirement is met here.

Second, Defendants argue that Plaintiffs have failed to show that this action can be "timely adjudicated" in state court. (ECF No. 39, at 15). As a preliminary matter, the issue here "is not whether the action would be *more quickly* adjudicated in [federal court] than in state court, but rather, whether the action can be *timely adjudicated* in the state court." *In re Exide Techs.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008) (internal quotations omitted). Timeliness thus "must be determined with respect to needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed." *Stoe v. Flaherty*, 436 F.3d 209, 219 (3d Cir. 2006). In order to evaluate timeliness under § 1334(c)(2), some courts have followed a four-factor test:

> (1) the backlog of the state court's calendar relative to the federal court's calendar;
> (2) the complexity of the issues presented and the respective expertise of each forum;
> (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and

---

[2] At oral argument, Defendants argued that nothing in *Stoe* referenced pre-petition versus post-petition filing, and nothing in the briefs before the Third Circuit would have alerted the Third Circuit to a pre-petition/post-petition issue. (ECF No. 43, at 23). Although the parties in *Stoe* may not have raised this issue, the relevant facts supporting this "implicit holding" are present in the Third Circuit's opinion. There, the plaintiff sued to recover unpaid severance payments from officers of his former employer. *Stoe*, 436 F.3d at 211. The reason the plaintiff stopped receiving severance payments is that his former employer filed a Chapter 11 bankruptcy petition, and the Bankruptcy Code prohibited the former employer from making further payments after the filing of the petition. *Id.* In other words, the plaintiff's cause of action arose, and the civil action was commenced, after the filing of the bankruptcy petition.

8

(4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp. (Parmalat I)*, 639 F.3d 572, 580 (2d Cir. 2011); *In re G-I Holdings, Inc.*, 564 B.R. 217, 253 (Bankr. D.N.J. 2016); *Drauschak v. VMP Holdings Ass'n, L.P.*, 481 B.R. 330, 343 (Bankr. E.D. Pa. 2012).

As to the first factor, the Second Circuit explained that "timeliness is a case- and situation-specific inquiry that requires a comparison of the time in which the respective state and federal forums can reasonably be expected to adjudicate the matter." *Parmalat I*, 639 F.3d at 580. However, in keeping with the Third Circuit's *Stoe*, the Second Circuit reiterated that the question of timeliness does not turn exclusively on which forum could more quickly adjudicate the matter. *Id.*; *see also Parmalat Capital Fin. Ltd. v. Bank of Am. Corp. (Parmalat II)*, 671 F.3d 261, 270 (2d Cir. 2012). Regarding the second factor, the Second Circuit stated that a court should consider both the legal and factual complexities of the case: "the forum with the most expertise in the relevant areas of law," or on the other hand, "the forum with greater familiarity with the record," is likely to adjudicate the matter in a timelier fashion. *Parmalat I*, 639 F.3d at 580–81. The court cautioned again, however, that "the relative adjudication times are not solely determinative, but do shed light on whether the state court can timely adjudicate the matter." *Id.* at 581.

For the third factor, courts should look to the nature of the bankruptcy proceeding—that is, under which chapter of Bankruptcy Code the petition was filed—in addition to the stage of litigation. *Id.* Lastly, as to the fourth factor, if abstaining and remanding the matter to state court "will unduly prolong the administration of the estate," then adjudication in state court will not be considered timely. *Parmalat I*, 639 F.3d at 581. Consequently, where the defendants in the state law claims are closely connected with the debtor in the bankruptcy proceeding, and where the

litigation is complex, "'remanding to the state court could slow the pace of litigation dramatically' by leading to duplicative motions practice, repetitious discovery, and parallel adjudication of common issues." *Id.* (quoting *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (Bankr. S.D.N.Y. 2003)). At bottom, however, the foregoing factors "are ultimately interrelated; an action might be 'timely adjudicated' in state court, despite some substantial delay, where the delay has little or no effect on the bankruptcy estate which creates the federal interest." *Parmalat II*, 671 F.3d at 270.

Applying these four factors here, the Court finds that the matter cannot be "timely adjudicated" in state court. First, as discussed at oral argument, the speed at which a case will move forward in the Court of Common Pleas is largely dependent upon the parties, rather than that court's backlog of cases. (ECF No. 43, at 33–35). The first factor thus points toward a finding of timeliness. Second, as to the complexity of the issues and relative expertise of each forum, Plaintiffs' state law claims are of a kind regularly decided in federal court. On that point, the second factor is neutral. However, this Court's familiarity with the record in this case, compared with that of the state forum, tips the second factor away from a finding of timeliness. Third, although the related bankruptcy proceeding against OneJet was filed under Chapter 7 of the Bankruptcy Code, there is no reason at this time to expect that the liquidation of the bankrupt estate will proceed so slowly that waiting on the outcome of a state court proceeding will not affect it any more than would affect a reorganization proceeding. The third factor thus appears to be neutral. Fourth, several of Defendants in the present matter are closely connected with the debtor, OneJet, such that remanding to the matter to state court could result in "duplicative motions practice, repetitious discovery, and parallel adjudication of common issues." This last factor weighs strongly against a finding of timeliness. In balancing the foregoing factors, this

Court thus concludes that the factors weigh against finding that the state court can timely adjudicate the present matter. As a result, the requirements for mandatory abstention are not met.

Lastly, Plaintiffs ask that if the Court concludes that the mandatory abstention provision does not apply, the Court should nevertheless abstain in accordance with 28 U.S.C. § 1334(c)(1). (ECF No. 42, at 26). That section provides that a district court may abstain from hearing a proceeding that is related to a bankruptcy proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). District courts have broad discretion in deciding whether to abstain under § 1334(c)(1). *See Bricker v. Martin*, 348 B.R. 28, 34 (Bankr. W.D. Pa. 2006). Courts generally consider a lengthy list of factors when deciding whether permissive abstention is warranted:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.

*In re Piper*, 548 B.R. 426, 429 (Bankr. W.D. Pa. 2016) (internal quotations omitted). No single factor is determinative, and courts are to apply the factors flexibly because "their relevance and importance will vary with the particular circumstances of each case." *Bricker*, 348 B.R. at 34.

Applying these factors, permissive abstention is not appropriate here. The interrelatedness of the parties and claims in this action with those in the bankruptcy proceeding is

particularly relevant and important, causing factors (1) and (6) to weigh heavily against abstention. Additionally, the applicable state law is neither difficult nor unsettled, and there has not been a demand for a jury trial in this case, making factors (3) and (11) also weigh against abstention, or at most, neutral. The remaining factors are either neutral or only weigh slightly in favor of abstention, and thus are not sufficient to tip the balance in Plaintiffs' favor.

In conclusion, having found that Plaintiffs have not met their burden for mandatory or permissive abstention under 28 U.S.C. § 1334(c), Plaintiffs' Motion for Abstention will be denied.

### III. Conclusion

THEREFORE, based on the foregoing, Plaintiffs' Motion to Remand to State Court is DENIED, and Plaintiffs' Motion for Abstention is DENIED. Accordingly, this case is referred to the United States Bankruptcy Court for the Western District of Pennsylvania for consolidation with the bankruptcy proceeding pending before the Honorable Gregory L. Taddonio at Bankruptcy Case No. 18-24070.

IT IS SO ORDERED.

DATE June 19, 2019

Marilyn J. Horan
United States District Judge